O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUCKY PETTIS CLARK, | ) | NO. CV 14-799-SJO (MAN) |
| Petitioner, | ) | ORDER: DISMISSING PETITION WITH |
| v. | ) | PREJUDICE; AND DENYING CERTIFICATE |
| JEFFREY BEARD, SECRETARY, | ) | OF APPEALABILITY |
| Respondent. | ) | |

On January 31, 2014, Petitioner, a California prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the claim raised in the Petition is not cognizable and could not state any basis for federal habeas relief even if amendment were allowed. Therefore, the Petition must be summarily dismissed.

///

///

///

///

**BACKGROUND**

Following a jury trial in October 2011, Petitioner was convicted in the Los Angeles County Superior Court of first degree burglary. The jury also found various sentence enhancement allegations to be true. On October 31, 2011, Petitioner was sentenced to 25 years to life in state prison. (Petition at 2.)

Petitioner appealed and raised a single claim arguing that the trial court erred in permitting the prosecutor to introduce evidence of an uncharged burglary to show Petitioner's intent regarding the charged burglary. On January 14, 2012, in Case No. B237061, the California Court of Appeal affirmed the conviction. On March 27, 2013, in Case No. S212673, the California Supreme Court denied review.[1]

Petitioner does not allege that he filed any state post-conviction proceedings. However, the dockets of the California Court of Appeal and the California Supreme Court show state habeas proceedings as follows: California Court of Appeal Case No. B246483, filed January 30, 2013, and denied with case citations on February 7, 2013; and California Supreme Court Case No. S212673, filed on August 12, 2013, and denied summarily on October 30, 2012.[2]

**PETITIONER'S HABEAS CLAIM**

The Petition raises a single claim based on the $1,000.00 restitution fine imposed at

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the electronically available dockets and decisions of the California Court of Appeal and California Supreme Court available at http://appellatecases.courtinfo.ca.gov.

[2] Petitioner does not allege that he raised his present claim through his state habeas proceedings. However, given the cases cited by the California Court of Appeal in its order denying habeas relief, some of which deal with ineffective assistance of trial counsel and restitution issues, it is possible that Petitioner exhausted his present claim through state habeas review.

sentencing. Petitioner contends that his trial counsel provided ineffective assistance in connection with the imposition of this restitution fine, because: prior to trial, Petitioner discussed with his counsel the possible imposition of a restitution fine; counsel stated that he would object to the imposition of any restitution fine beyond the $200 minimum restitution fine; at sentencing, counsel raised no objection to the restitution fine imposed; and counsel failed to advise Petitioner that he had a statutory right to seek reconsideration of the restitution fine imposed. (Petition at 3-8.) Petitioner asks the Court to vacate his sentence based on trial counsel's above-described ineffective assistance. (*Id.* at 10.)

## DISCUSSION

The Petition suffers from obvious procedural flaws. Pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, a state habeas petitioner seeking federal habeas relief must present a habeas petition that "substantially follow[s]" the form of petition accompanying the Section 2254 Rules or the form of petition prescribed by a local rule of the pertinent District Court. Local Rule 83-16.1 requires state prisoners seeking federal habeas relief in the Central District of California to utilize the habeas petition form approved and supplied by this Court, which is Form CV-69. Petitioner did not utilize Form CV-69 and, thus, did not comply with Rule 2(d) and Local Rule 83-16.1. In addition, in violation of Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition does not name an appropriate Respondent. Pursuant to Rule 2(a), Petitioner was required to name as Respondent the state officer who has custody of him, *i.e.,* the Warden of his present institution.

These procedural defects could be corrected if Petitioner were afforded leave to amend. However, there is a readily-apparent and non-rectifiable defect that requires the dismissal of this action -- namely, lack of jurisdiction -- and thus, granting leave to amend would be futile and inappropriate.

3

28 U.S.C. § 2254(a) provides that a federal court may entertain a habeas petition "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The fact of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

The claim alleged in the Petition is not cognizable in federal habeas review, because as the Ninth Circuit has made clear, the federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. In Bailey, the petitioner pleaded guilty and was ordered to pay restitution. He filed a Section 2254 petition in which he alleged that his counsel provided ineffective assistance by not objecting to the restitution order imposed upon him. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet Section 2254's "in custody" requirement for jurisdiction. Bailey, 599 F.3d at 977. The Ninth Circuit concluded that Section 2254 "does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence," such as a restitution order. *Id.* at 982; *see also id.* at 984 ("we hold that § 2254(a) does not confer jurisdiction over a habeas corpus petition raising an in-custody challenge to a restitution order"); Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the "in custody" requirement).

A challenge based on the imposition of a restitution fine -- whether direct or indirect, such as the ineffective assistance of counsel claim alleged here and in Bailey -- does not provide the requisite jurisdictional nexus. Bailey, 599 F.3d at 981. The Ninth Circuit has made clear that this Court lacks jurisdiction to consider Petitioner's challenge to his trial counsel's performance in connection with the restitution fine imposed by the trial court. *Id.* at 984 ("courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a

restitution order"). Accordingly, the Petition is not cognizable and must be dismissed.

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed, with prejudice, pursuant to Rule 4; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: February 4, 2014.

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE